527 S.E.2d 758

**In the Matter of Donald L. SMITH, Respondent.**

**No. 25063.**

Supreme Court of South Carolina.

Submitted Jan. 11, 2000.

Decided Feb. 7, 2000.

Donald L. Smith, of Spartanburg, pro se.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept respondent's admission and publicly reprimand him.

In August 1998, respondent represented a client during a jury trial. The jury returned a verdict in his client's favor but awarded what respondent considered a small sum in damages. Immediately following the trial, respondent admits that he approached jurors and asked them why they awarded the sum. Respondent acknowledges that he was frustrated with

the verdict and that his frustration must have been apparent to the jurors with whom he spoke. The jurors that respondent approached were still members of the venire for other cases to be tried during that term of court.

Respondent affirms that he will never again contact a juror while that juror is a member of a venire. He also affirms that he will not again contact a juror on a case which he tried unless he can do so in strict compliance with the Rules of Professional Conduct, Rule 407, SCACR, and the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

By his conduct, respondent has violated Rule 8.4(e) of the Rules of Professional Conduct, Rule 407, SCACR, which prohibits an attorney from engaging in conduct prejudicial to the administration of justice and Rule 7(a)(5) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, which prohibits an attorney from engaging in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute. Indeed, this Court "looks with disfavor upon officers of the court approaching jurors after a verdict has been written," and "an attorney approaching a juror after a verdict is rendered, does so at his own peril." *In the Matter of Delgado,* 279 S.C. 293, 296–97, 306 S.E.2d 591, 594 (1983).

Accordingly, we reprimand respondent.

PUBLIC REPRIMAND.

FINNEY, C.J., not participating.